# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2553 | **DATE** | 5-1-12 |
| **CASE TITLE** | Eugene Wright (#2010-1228082) vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

The court grants plaintiff's motions for leave to file *in forma pauperis* [3, 4]. Trust fund officials at plaintiff's place of confinement are authorized to make deductions from plaintiff's account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff's complaint is dismissed without prejudice to plaintiff submitting an amended complaint in accordance with this order within 30 days of the date of this order. The clerk shall send plaintiff an amended civil rights complaint form, along with a copy of this order. Plaintiff's failure to comply with this order will result in summary dismissal of this case.

■[ For further details see text below.]

*Charles Norgle*

Docketing to mail notices.

---

## STATEMENT

Plaintiff Eugene Wright, incarcerated at the Cook County Jail, has filed this 42 U.S.C. § 1983 action naming Tom Dart and Cermak Health Services as defendants. Plaintiff alleges the following. On December 11, 2011, he was involved in an accident while riding on a Cook County Jail bus. He was treated at Cermak and received a prescription of ibuprofen and methocarbarnal (muscle relaxer) for two weeks, but he was not examined by a doctor. Plaintiff states that he filed a grievance for a doctor "to diagnose the source of [his] pain," but he never received a response. (Compl. at 4.) He saw a doctor in January 2012, who diagnosed whiplash and continued his medications. Plaintiff states that he has experienced additional pain in his spine and neck, but he has not been able to get further treatment. (*Id.* at 4-5.)

Plaintiff's motion to proceed *in forma pauperis* indicates that he is unable to pre-pay the $350 filing fee. The court grants his motion and assesses an initial partial filing fee of $5.00. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at plaintiff's place of confinement is authorized to deduct the initial partial filing fee from plaintiff's trust fund account and send it to the court. Thereafter, the trust fund officer shall collect monthly payments from plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail authorities shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred to another facility.

Although plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as it is unclear what claims he seeks to raise and who he seeks to sue. Plaintiff names Tom Dart and Cermak as defendants. Cermak, however, is simply a part of Cook County and is not a separate suable entity. *See Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). With respect to Dart, plaintiff does not state that Dart was himself involved with any of plaintiff's claims. Dart cannot be held liable simply as the supervisor of one who commits a tort, but instead, must have "personal involvement in the alleged constitutional deprivation." *Palmer*

*v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). If plaintiff named Dart in order to identify officers whose names plaintiff does not know, he may do so, but he must indicate which officers he seeks to sue and why (even if he can now refer to them only as John or Jane Doe).

In addition to plaintiff stating who he seeks to sue and why, he must also clarify what claims he seeks to raise. To satisfy the notice pleading requirement of Fed. R. Civ. P. 8(a), plaintiff must provide sufficient information to give the court and the defendants notice of what claims he asserts and the grounds upon which the claims are based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although it appears clear from the complaint that plaintiff contends he received inadequate medical care, it is unclear whether his claims are against his doctor and medical persons for not examining him and adequately diagnosing the source of his pain or against jail officers for ignoring his requests to see medical personnel. Both claims require plaintiff to demonstrate deliberate indifference, for which he must establish that (1) he suffered an objectively serious condition, and (2) that the defendants were actually aware of the condition yet deliberately disregarded it. *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010). Negligence, as well as a mere disagreement with the treatment received, are insufficient to establish liability in a § 1983 action; rather a plaintiff must be able to demonstrate "something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821-22 (7th Cir. 2012).

For the reasons stated above, the court dismisses the complaint without prejudice. To proceed with this case, plaintiff must submit an amended complaint. Plaintiff is given 30 days from the date of this order to submit an amended complaint that clearly states what his claims are and that clearly indicates which defendant is being sued for each claim and why. Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the court with a sufficient number of copies. Plaintiff's failure to comply with this order will result in summary dismissal of this case.

FILED

2012 MAY - 2 PM 4: 43

U.S. DISTRICT COURT

12C2553 Eugene Wright (#2010-1228082) vs. Tom Dart

Page 2 of 2