# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2553 | **DATE** | 7-11-12 |
| **CASE TITLE** | Eugene Wright (#2010-1228082) vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint against Tom Dart and Jane Doe. The John Doe Defendant is dismissed. The clerk shall issue summons for service of the amended complaint [6] on Tom Dart, but not Jane Doe until her identity is known. Once an attorney enters an appearance for Dart, Plaintiff is directed to conduct discovery to learn the name of the Jane Doe Defendant. His failure to do send such discovery within 90 days after an attorney enters an appearance may result in the dismissal of the Jane Doe Defendant. The clerk shall send Plaintiff instructions for filing documents in this Court, along with a Magistrate Judge Consent Form.

■[ For further details see text below.]             Docketing to mail notices.

## STATEMENT

Plaintiff Eugene Wright, incarcerated at the Cook County Jail, has filed an amended 42 U.S.C. § 1983 complaint in accordance with this court's May 1, 2012, order. Plaintiff names Tom Dart, John Doe, and Jane Doe as Defendants. Plaintiff alleges the following. On December 11, 2011, he was involved in an accident while riding on a Cook County Jail bus driven by an officer he refers to as John Doe. On December 21, 2012, he was examined by a doctor (referred to as Jane Doe) at Cermak Health Services. The doctor allegedly simply prescribed pain medication but performed no examination. After several months of complaining of pain and requesting medical attention, Plaintiff was again seen at Cermak but was simply told that he had whiplash without an examination being conducted. In April 2012, after more complaints of pain, Plaintiff received an examination and was then scheduled for a "spine thoracic ap/lat." Plaintiff seeks to sue the driver for his negligent operation of the bus and the doctor for her failure to properly examine Plaintiff. He names Tom Dart as a Defendant to identify the Doe Defendants.

The court having conducted its preliminary review of the amended complaint, Plaintiff may proceed with his claim against the Jane Doe physician. *See Roe v. Elyea*, 631 F.3d 843, 857-58 (7th Cir. 2011) (setting out the standard for a claim of deliberate indifference to a serious medical need). Plaintiff, however, cannot proceed in this case with his claim against the John Doe driver. Such a claim is not a federal one that can be brought under § 1983. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996); *see also Blakemore v. Dart*, No. 12-1713, 2012 WL 1378676 at *2 (N.D. Ill. Apr. 20, 2012) (Kennelly, J.) (a deliberate indifference claim against a driver of a vehicle transporting prisoners requires some form of recklessness, i.e., that the driver had actual knowledge that the manner he drove the vehicle posed a serious risk of harm and that he consciously disregarded that risk). Plaintiff does not allege such reckless behavior. Even if he intended to bring this claim as a pendent state-law negligence claim, this claim is not so related to the medical claim that they must be brought in the same suit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits"); *see also City of Chicago v. Intern. College of Surgeons*, 522 U.S. 156, 172-73 (1997) (pendent jurisdiction is a matter of discretion).

| STATEMENT |
|---|
| Accordingly, Plaintiff may proceed with his claim against Jane Doe. Tom Dart shall remain as Defendant in order to identify Jane Doe. Once an attorney enters an appearance for Dart, Plaintiff should forward discovery (written questions) to the attorney to learn the name of Jane Doe. Once Plaintiff knows her name, he may file a motion to substitute her name for Jane Doe in the amended complaint. Plaintiff's failure to forward discovery within 90 days of an attorney for Dart entering an appearance may be grounds for dismissal of the claim against Jane Doe and this case.<br><br>The clerk shall issue summons for service of the complaint on Tom Dart through the U.S. Marshal. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return forms may result in the dismissal of Dart as a Defendant. The Marshal is directed to make all reasonable efforts to serve the complaint. The Marshal may mail a request for waiver of service to Dart pursuant to Fed. R. Civ. P. 4(d)(2). If unable to obtain a waiver, the Marshal shall attempt personal service.<br><br>Plaintiff must file all future papers concerning this action with the clerk of court in care of Prisoner Correspondent. Plaintiff must provide the court with the original plus a judge's copy, including exhibits, of every document filed. Copies of court filings must be sent to Defendants or their attorney, if one has entered an appearance. All court filings must include a certificate of service stating to whom copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court and/or returned to Plaintiff. |

FILED
2012 JUL 11 AM 4:33
U.S. DISTRICT COURT